**David A. Thomson**
Law Offices of
**DAVID A. THOMSON**
A Professional Corporation
4506 N. 12th Street
Phoenix, Arizona 85014
(602) 200-9092
fax (602) 532-0468
State Bar No. 007098
email: david.thomson@azbar.org

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| HAROLD JAMES, PETER CASTILLO, and LEE H. MANYGOATS<br>　　　　Plaintiffs,<br><br>v.<br><br>BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY; JOHN DOES and JANE DOES I-V, husbands and wives; BLACK PARTNERSHIPS I-V, and WHITE CORPORATIONS I-V,<br>　　　　Defendants. | **COMPLAINT** |

Plaintiffs HAROLD JAMES, PETER CASTILLO and LEE H. MANYGOATS bring this cause for the recovery of damages complaining of Defendant, BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY and would respectfully show the Court the following:

1. This cause of action is brought under the provisions of the Federal Employers' Liability Act (FELA), 45 U.S.C. §51 et seq. and the regulations promulgated under the authority of those sections, and other federal railroad safety laws that have been incorporated therein by decision, and under the terms of that Act this Court has jurisdiction.

2. Plaintiff, HAROLD JAMES, is an individual and a citizen of the State of Arizona residing in Pinon, Navajo County.

3. Plaintiff, PETER CASTILLO, is an individual and a citizen of the State of Arizona residing in Ganado, Apache County.

1  4.     Plaintiff, LEE H. MANYGOATS, is an individual and a citizen of the State of
2  Arizona residing in Tanalea, Coconino County.
3  5.     Defendant, BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, is an
4  interstate carrier and at all times material was a corporation engaged in the business of
5  owning, maintaining and operating a line and system of railroad in Arizona.  The
6  designated agent for service of process is CT Corporation System, 3225 N. Central
7  Ave., #1601, Phoenix, Arizona 85012.
8  6.     At all times mentioned herein, Defendant was an interstate carrier by rail and
9  was engaged in interstate transportation and commerce.
10 7.     At the time of the occurrences for which this action is brought, each Plaintiff was
11 employed by Defendant as its servant and employee and each Plaintiff's duties were in
12 furtherance of interstate commerce or directly, closely and substantially affecting
13 interstate commerce.
14 8.     Both the Plaintiffs and their employer, Defendant herein, were engaged in
15 interstate commerce within the meaning of the Federal Employers' Liability Act, and
16 their mutual rights and liabilities are and were governed and controlled by that Act at the
17 time of the occurrence for which this action is commenced.
18 9.     On or about July 12, 2004, near Flagstaff, Arizona, while employed by the
19 Defendant under the direct control of Defendant's agents, servants, and employees,
20 Plaintiffs, individually and collectively, sustained serious bodily injury when they were
21 struck by a piece of rail.
22 10.    The Defendant, acting by or through its officials, agents, servants, borrowed
23 servants, and employees was negligent in causing the Plaintiffs' injuries, in whole or in
24 part, by failing to provide Plaintiffs with a reasonably safe place to work, by failing to
25 provide safe and proper equipment with which to perform their work, by failing to
26 operate equipment in a safe manner, allowing unsafe work practices to become the
27 standard work practices, and all other acts and omissions by the Defendant, which may
28

1  be brought out at trial.

2  11.    At the time of the occurrence made the basis of this complaint, Defendant employed a contractor (hereinafter referred to as "THE CONTRACTOR") to operate a machine that pulled the rail that struck the Plaintiffs.

12.    At all times material to the occurrence made the basis of this complaint, Defendant had the right to control the work of THE CONTRACTOR.

13.    At all times material to the occurrence made the basis of this complaint, Defendant instructed THE CONTRACTOR when to move the rail involved in this incident.

14.    At all times material to the occurrence made the basis of this complaint, THE CONTRACTOR was an agent of the Defendant as defined by case law under the FELA.

15.    As a direct legal cause of the negligence of the Defendant, the Plaintiffs, individually and collectively, have suffered severe and permanent injuries.

16.    Prior to these injuries, the Plaintiffs were strong and able-bodied men who fully performed their assignments as required by Defendant.  Plaintiffs are unaware of any weaknesses or infirmities that were present before their injuries, but if any were present, the Defendant's negligence caused them to be activated by the trauma to Plaintiffs bodies.  Because of Defendant's negligence, Plaintiffs individually and collectively have suffered and will continue to suffer damages in the following particulars:

   (a)    Physical pain and suffering in the past;
   (b)    Physical pain and suffering for an indefinite time into the future;
   (c)    Mental and emotional pain and suffering in the past;
   (d)    Mental and emotional pain and suffering for an indefinite time in the future;
   (e)    Medical expenses incurred in the past for treatment of his injuries;

3

1     (f)    Reasonable medical expenses for an indefinite time into the future;

2     (g)    Loss of earnings in the past;

3     (h)    Loss and earnings and benefits that will be sustained in the future;

4     (i)    Physical impairment and loss of life's enjoyment in the past;

5     (j)    Physical impairment and loss of life's enjoyment in the future; and

6     (k)    Any disfigurement that has occurred.

7  17.  As a result of the negligence of Defendants BNSF, in whole or in part, Plaintiffs individually and collectively have suffered severe and permanent injuries.

18.  Plaintiffs HAROLD JAMES, PETER CASTILLO, and LEE H. MANYGOATS demand a jury trial.

19.  By reason of the foregoing allegations, each Plaintiff has been damaged in a sum in excess of Seventy Five Thousand Dollars ($75,000.00).

20.  WHEREFORE, Plaintiffs request that Defendant be cited to appear and answer, and that upon final trial, Plaintiffs have judgment for damages against Defendant, for a reasonable sum in excess of Seventy Five Thousand Dollars ($75,000), together with interest, costs and disbursements herein.

Respectfully submitted: December 14, 2005

By: /s/
David A. Thomson
State Bar No. 007098
4506 North 12th Street
Phoenix, AZ  85014
(602) 200-9092

and

MARK T. BERRY
TBA 00787074
10,000 Memorial Drive
Suite 888
P.O. Box 4340
Houston, Texas 77210
(713) 668-0230
ATTORNEYS FOR PLAINTIFFS